## Samuel F. Springer, Appellee, v. Illinois Central Traction Company, Appellant.

MASTER AND SERVANT—*what risks are assumed.* An experienced adult employe is chargeable with knowledge of the ordinary conditions under which the business in which he is employed is conducted and assumes its ordinary risks and hazards, and will be presumed to have notice of, and to have assumed, all such risks and hazards which to a person of his experience and knowledge are or ought to be patent and obvious.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1907. Reversed with finding of fact. Opinion filed April 21, 1908.

SHUTT, GRAHAM & GRAHAM, for appellant.

MCANULTY & ALLEN, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover damages for personal injuries alleged to have resulted from the negligence of appellant. A trial by jury resulted in a verdict and judgment against appellant for $600.

The declaration charges that appellant maintained

a pole in its right of way near the city of Decatur, for the purpose of suspending a trolley wire, which pole was not placed at a sufficient distance from the main track and cars passing over the same so that persons operating said cars could perform their duties with reasonable safety, and that while appellee, who was in the employ of appellant, acting as motorman, was, on April 24, 1906, operating a motor on the front end of a car, exercising due care for his own safety and having no knowledge of the dangerous proximity of the said pole to the track, was struck by said pole while the car was in motion and while he was in the line of his duty, and was thrown to the ground and injured.

At the time of his injury appellee was employed by appellant in its electric interurban railroad operating between Decatur and Springfield, as a conductor. The cars of appellant were operated by electricity communicated by an overhead trolley wire, which wire was suspended over the track, where the track was straight, by mast arms fastened to poles set 100 feet apart on one side of and at a uniform distance from the track, and where the track was on a curve, by span wires extending across the track fastened to poles on each side of the track. On April 24, 1906, appellee left Decatur in charge of a car and had gone but a short distance, when he was called upon by the motorman to take the latter's place and operate the motor temporarily. Appellee did so, and as he approached a curve in the track, near what is known as the Leader. Works, he shut off the power for the purpose of allowing the car to drift around the curve, in the usual manner. When the car had about passed the elbow of the curve appellee turned the lever one point for the purpose of applying the electrical current and discovered that no power was available. Then, while the car was in motion, he put his head out of the door in the side of the cab, for the purpose of ascertaining whether the trolley wheel was in contact with the wire, and while in that position he was struck in the head by a pole and

thrown out upon the ground and injured. The evidence is contradictory as to the clear distance between the pole and the side of the car, but the record discloses that such distance was not less than eighteen inches and not more than thirty-six inches. We think a preponderance of the evidence tends to show that such distance was at least thirty-two inches.

As bearing upon appellee's right to recover, several questions are argued by counsel for appellant, but in the view we are constrained to take of the case it will only be necessary to discuss and determine one of such questions.

The testimony of appellee discloses that he had had eight years' experience as a motorman; that prior to his injury he had been in the employ of appellant for four and a half years, two years as a motorman and conductor and two and one-half years as conductor; that he had operated a car as motorman from ten to twelve times over the track at the place where he was injured, and had served in the capacity of a conductor over that line for six or seven months. It is the settled law of this State "that an experienced adult employe is chargeable with knowledge of the ordinary conditions under which the business in which he is employed is conducted and assumes its ordinary risks and hazards, and will be presumed to have notice of and to have assumed all such risks and hazards which to a person of his experience and knowledge are or ought to be patent and obvious, and that an employe assumes all hazards which are obvious and apparent and which are known to him, although such conditions are produced as the result of the master's negligence if he continues in the employment without a promise to remedy such defects." Kath v. East St. L. Ry. Co., 232 Ill. 126. Applying this rule to the facts, as adduced by the evidence in the record in the case at bar, it is manifest that appellee is barred from recovery of damages for the injuries sustained by him. The position of the pole in question was the same during the entire time of

appellee's employment.   Its proximity to the track and to the side of a car passing on such track was patent and obvious and it is impossible that appellee could have passed over the track as frequently as his employment required him to do so without actual knowledge of the existing conditions in that regard.   The accident occurred about the noon hour and no conditions existed which prevented appellee from observing his situation with reference to the pole.   The facts in this case are substantially similar to those involved in Kath v. East St. L. Suburban Ry. Co., *supra,* where it was held that the injury suffered by the plaintiff resulted from a risk which was assumed by him.

The judgment of the Circuit Court will be reversed with a finding of fact to be incorporated in the judgment of this court.

*Reversed with finding of fact.*

*Finding of Fact*:   We find that appellee assumed the risk of the injury for which damages are sought to be recovered in this case.